## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) **ANTJUAN L. MARTIN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-13-1064-C |
| | ) | |
| (1) **CITY OF OKLAHOMA CITY**, | ) | JURY TRIAL DEMANDED |
| | ) | |
| (2) **BILL VETTER**, | ) | |
| | ) | |
| (3) **RYAN SORRELS**, | ) | |
| | ) | |
| (4) **RUSSELL MOCK**, | ) | |
| | ) | |
| (5) **JACOB MCCLAIN**, | ) | |
| | ) | |
| (6) **WILLIAM CITTY**, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Antjuan L. Martin, by and through his attorney, Nathan H. Harper, and for his causes of action herein alleges:

## PARTIES

1. Plaintiff was at all times relevant to this action a citizen of the United States and a resident of Oklahoma County, Oklahoma.

2. Defendant City of Oklahoma City is a municipal corporation operating in Oklahoma County, Oklahoma.

3. Defendants Vetter, Sorrels, Mock, McClain, and Citty were at all times relevant to this action employed as law enforcement officers acting under color of law and within the course and scope of their duties as employees of Defendant City. They are sued in their individual capacities.

## JURISDICTION AND VENUE

4. This action is brought for money damages and other relief pursuant to 42 U.S.C. §§ 1983 and 1988, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

5. This Court has subject matter jurisdiction to adjudicate the allegations set forth herein pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. In the early morning hours of October 8, 2011, while working as the head of the security guard detail at the Casablanca nightclub in Oklahoma City, Plaintiff became aware of a physical altercation between four men in the parking lot of the Casablanca.

8. Plaintiff approached the men and questioned them to determine who they were and what they were doing.

9. The altercation was actually an arrest in progress of Darrin McDaniel by Defendants Sorrels, Mock, and McClain.

10. Plaintiff did not know the altercation was an arrest in progress because Defendants Sorrels, Mock, and McClain were:

    a. attired in civilian clothing,

  b. did not display police badges nor any other indicia of police authority,

  c. did not announce themselves as police officers, and

  d. would not answer Plaintiff's questions about who they were or what they were doing.

  11. In response to Plaintiff's persistent efforts to find out who the men were and what they were doing, Defendants Sorrels, Mock, and McClain repeatedly shouted obscenities and threats at him, such as "Shut the fuck up!" and "Back up or you're going to jail," or words to that effect.

  12. Plaintiff came to know that Defendants Sorrels, Mock, and McClain were police officers only when Defendant Vetter arrived at the scene. It was then that Plaintiff saw a police badge hanging by a chain around Defendant Vetter's neck.

  13. Defendants Vetter, Sorrels, Mock, and McClain arrested Plaintiff or caused him to be arrested for violating Oklahoma City Municipal Code § 30-58.

  14. Oklahoma City Municipal Code § 30-58, *et seq*., ("**30-58**") provides:

  Obstructing officers.

   (a) No person shall obstruct, attempt to obstruct or disobey a lawful command of any police officer in the discharge of his/her duties by threat or intimidation or force, including but not limited to area control devices used by the Police Department for the purpose of crime scene investigations, regulating, warning or guiding vehicles or pedestrians, unless otherwise directed by an authorized person.

   (b) Any person convicted of violating any of the provisions of Subsection (a) shall be guilty of a Class "b" offense.

15. Plaintiff was handcuffed and searched, his personal property was seized, and he was confined in the back seat of a locked police car.

16. With Plaintiff inside the vehicle, its windows were closed and its heater was turned to its highest setting.

17. After approximately 20 minutes, a police officer assisted Plaintiff in exiting the police vehicle after Plaintiff complained of experiencing pain and numbness in his arms and hands and of having difficulty breathing.

18. After Plaintiff was removed, with great difficulty, from the police car, the handcuffs were removed from Plaintiff's wrists.

19. The handcuffs caused Plaintiff's wrists to be gouged, cut, bruised, and swollen. His hands turned black and several of his fingers were dislocated.

20. Plaintiff was again handcuffed.

21. Plaintiff was transported to the Oklahoma County Jail where he was, pursuant to the *Oklahoma County-Oklahoma City Jail Services Agreement*, fingerprinted, photographed, booked, and imprisoned by employees of Oklahoma County.

22. During Plaintiff's confinement at the Oklahoma County Jail of approximately 18 hours, he was occasionally given water to drink; however, he was not given any food to eat.

23. Plaintiff posted bond in order to free himself from his imprisonment.

24. On or about October 10, 2011, Plaintiff, seeking redress for the wrongs committed against him, filed a *Formal Citizen Complaint Form* with Defendant Citty.

25. On or about December 19, 2011, Defendant City gave notice to Plaintiff that, in the event he was found guilty, it intended to exact payment from him in the amount of $117.00 for the costs of his jail stay.

26. On April 2, 2012, Plaintiff was prosecuted in the Municipal Court of the City of Oklahoma City for violation of Oklahoma City Municipal Code § 30-68(a).

27. Oklahoma City Municipal Code § 30-68, *et seq*., ("**30-68**") provides:

> Interfering or obstructing by disobeying a lawful command; false evidence, information, etc.; destroying, concealing, etc. evidence.
>
> (a) Any person who interferes, obstructs, attempts to obstruct, or disobeys a lawful command of any police officer in the discharge of his/her duties, by any means other than by threat, intimidation, or force is guilty of a Class "a" offense.
>
> (b) Any person who destroys, alters, conceals, or disguises physical evidence, plants false evidence or furnishes false information which impedes any officer in the performance of his /her duties or which is intended to prevent the apprehension or obstruct the prosecution or defense of any person, is guilty of a Class "a" offense.

28. On April 2, 2012, a mistrial was declared.

29. On April 17, 2012, Defendant City moved for dismissal of the criminal charge because "the motion for mistrial was based upon insufficient grounds and jeopardy has attached."

30. Public records of Plaintiff's arrest, imprisonment, and prosecution were created and still exist.

31. Plaintiff was injured and continues to suffer pain in his hands and arms, which are forever scarred and disfigured.  He will most likely continue to suffer pain in his

hands and arms for the remainder of his life. Plaintiff also suffered humiliation, emotional and psychological pain and suffering, and injury to his reputation.

32. Plaintiff's injuries and damages were the direct and proximate result of the actions or omissions of all Defendants.

33. Plaintiff is entitled to actual, consequential, special, and incidental damages against all Defendants.

34. Plaintiff is entitled to punitive damages against Defendants Vetter, Sorrels, Mock, McClain, and Citty due to the reckless or willful and wanton nature of their conduct.

35. Municipal liability for the deprivation of Plaintiff's constitutional rights arises from Defendant City's official adoption of invalid and unconstitutional policies, specifically Ordinances 30-58 and 30-68.

**FIRST CAUSE OF ACTION—DEPRIVATION OF RIGHTS (42 U.S.C. § 1983)**
**False Arrest/False Imprisonment/Excessive Force**
**Against Defendants City, Vetter, Sorrels, Mock, and McClain**

36. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth herein and further alleges and states as follows:

37. Plaintiff has clearly established constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable search and seizure and to not be deprived of his liberty without due process of law, and to be from the use of excessive force against him.

38. Defendants violated those rights by arresting and imprisoning Plaintiff without probable cause and through the use of excessive force, or by causing others to do so.

6

**SECOND CAUSE OF ACTION—DEPRIVATION OF RIGHTS (42 U.S.C. § 1983)**
**Retaliatory Arrest**
**Against Defendants City, Vetter, Sorrels, Mock, and McClain**

39. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth herein and further alleges and states as follows:

40. Plaintiff has a clearly established right under the First Amendment to the U.S. Constitution to freedom of speech without the fear of retaliation by means of arrest and imprisonment.

41. Defendants violated this right by arresting Plaintiff without probable cause for speech that merely questioned their identities and authority.

42. Plaintiff's words were the motivating factor for his arrest.

**THIRD CAUSE OF ACTION—DEPRIVATION OF RIGHTS (42 U.S.C. § 1983)**
**Retaliatory Prosecution**
**Against Defendants City, Sorrels, Mock, and McClain**

43. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth herein and further alleges and states as follows:

44. Plaintiff has a clearly established right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from retaliatory prosecution.

45. Defendants gave false testimony during Plaintiff's criminal trial in a concerted effort to increase the likelihood of a conviction.

**FOURTH CAUSE OF ACTION—DEPRIVATION OF RIGHTS (42 U.S.C. § 1983)**
**Conspiracy**
**Against Defendants Vetter, Sorrels, Mock, McClain, and Citty**

46. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth herein and further alleges and states as follows:

47. Plaintiff has a clearly established constitutional right under the Fourteenth Amendment to the U.S. Constitution to not be deprived of his liberty without due process of law.

48. Upon receiving Plaintiff's *Formal Citizen Complaint Form*, rather than investigating the facts of the complaint, Defendants reached a unity of purpose or a common design and understanding to deprive Plaintiff of his right to due process by rewriting their official reports in order to manufacture probable cause for Plaintiff's arrest, imprisonment, and prosecution.

### FIFTH CAUSE OF ACTION—CONSTITUTIONALITY 30-68
### 28 U.S.C. § 2201
### Against Defendant City

49. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth herein and further alleges and states as follows:

50. Ordinance 30-68 is unconstitutionally broad and vague on its face, and as applied to Plaintiff, because it criminalizes a substantial amount of constitutionally-protected speech afforded by the First Amendment to the U.S. Constitution.

51. Ordinance 30-68 is not limited or narrowly tailored to physical obstruction of police activity or fighting words, but prohibits and criminalizes speech and conduct that in any manner interferes with an officer and accords police officers unconstitutional and unfettered discretion in their enforcement.

52. Ordinance 30-68 is unconstitutionally vague and overly broad because it pertains to a substantial amount of constitutionally protected speech and persons of ordinary intelligence cannot reasonably understand what types of conduct is prohibited.

## SIXTH CAUSE OF ACTION—PREEMPTION OF 30-58 and 30-68
### 28 U.S.C. § 2201
### Against Defendant City

53. Plaintiff incorporates by reference the allegations in the paragraphs above as though fully set forth herein and further alleges and states as follows:

54. The State of Oklahoma has enacted 21 O.S. § 540, Obstruction of Public Officer ("Obstruction Statute"), which provides: "Any person who willfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, is guilty of a misdemeanor".

55. The obstruction of public officers is a matter of general public concern or interest, and conversely, is not a matter of purely local concern, and therefore Ordinances 30-58 and 30-68 conflict with the Obstruction Statute.

56. Ordinances 30-58 and 30-68 are more stringent than the Obstruction Statute because they exceed the scope and purpose of the Obstruction Statute, and because they lack the *mens rea* element found in the Obstruction Statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Antjuan L. Martin prays this Honorable Court enter judgment in his favor and further as follows:

A. Declare his arrest, imprisonment, and prosecution unconstitutional;

B. Order the expungement of all records relating to his arrest, imprisonment, and prosecution;

C. Award him actual, consequential, special, and incidental damages against all Defendants in an amount to be determined by a jury;

D. Award him punitive damages against Defendants Vetter, Sorrels, Mock, McClain, and Citty in an amount to be determined by a jury;

E. Award him, pursuant to 42 U.S.C. § 1988, all costs of this action, including attorney's fees, against all Defendants;

F. Declare 30-68 unconstitutional on its face and as applied to him;

G. Enjoin Defendants from enforcing 30-68 against any person;

H. Declare 30-58 and 30-68 invalid by preemption;

I. Enjoin Defendants from enforcing 30-58 against any person;

J. Such other relief to Plaintiff as this Court deems just and equitable.

**RESPECTFULLY SUBMITTED THIS 7TH DAY OF OCTOBER, 2013.**

s/ Nathan H. Harper
Nathan H. Harper
OBA# 22866
4901 W. Reno # 270041
Oklahoma City, Oklahoma 73137
Telephone: (405) 445-3776
Facsimile:  (405) 445-3783
info@nathanharper.com
*Attorney for Plaintiff*

ATTORNEY LIEN CLAIMED