IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTJUAN L. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-1064-D |
| | ) |
| CITY OF OKLAHOMA CITY, et al., | ) |
| | ) |
| Defendants. | ) |

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT CITTY'S AMENDED MOTION TO DISMISS

**COMES NOW** a Defendant, William Citty, and for his Reply to Plaintiff's Response to Defendant Citty's Amended Motion to Dismiss states as follows.

Plaintiff's Response Brief does not respond to any of the legal arguments made in Defendant Citty's Motion to Dismiss, lending further support to Defendant Citty's contention that Plaintiff lacks a good faith basis for asserting his claims against Defendant Citty.

Plaintiff claims that the "attached materials purport to convey that Defendant Citty did conduct a full investigation of alleged police misconduct; Plaintiff disputes that a full investigation was conducted by Defendant Citty."[1] See Plaintiff's Response, p. 1. He further claims that he should be permitted to discover whether a proper investigation into his formal complaint occurred. See Plaintiff's Response, p. 1-2. However, an individual

---

[1] Nowhere in his Motion to Dismiss did Defendant Citty claim <u>he</u> conducted a full investigation into Plaintiff's complaint. The Chief does not investigate any complaints. Plaintiff's "argument" <u>again</u> establishes that he is attempting to hold Chief Citty liable for his subordinates' alleged actions or inactions.

does not have a constitutional right to have the police conduct an investigation into a citizen's complaint of a subordinate's misconduct. Therefore, whether a "proper" investigation was conducted has no bearing on whether Plaintiff's Complaint states a valid cause of action against the Chief of Police.

Federal law requires a complaint to "contain enough allegations of fact to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1975 (2007). This plausibility standard requires more than the mere possibility that a defendant acted unlawfully. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Further, a complaint should "make clear exactly *who* is alleged to have done *what* to *whom*" rather than rely on collective allegations against the government. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). The allegations in Plaintiff's Complaint fall far short of this standard. The only allegation specifically referencing Defendant Citty's conduct states that Plaintiff filed a formal complaint with Defendant Citty. Complaint, ¶ 24. An individual does not have a constitutional right to file a complaint with a police department or to have that complaint investigated by the police department. Thus, Plaintiff's allegation that he filed a complaint with Defendant City is not enough state a claim. Plaintiff also includes Defendant City in his Fourth Cause of Action, but these allegations only generically refer to several "defendants" and make no references to any individual actions taken by Defendant Citty. These conclusory, collective allegations against the "defendants" fail to give Defendant Citty fair notice of the claims against him and fail to state a facially plausible claim against Defendant Citty.

Lastly, Plaintiff requests that the Court convert Defendant Citty's Motion to Dismiss to a Motion for Summary Judgment because he attached documents referred to in the Complaint. However, documents referred to by the Complaint and which are central to Plaintiff's claims may be attached to a Motion to Dismiss without converting it to a Motion for Summary Judgment.  See *GFF Corporation v. Associated Wholesale Groceries, Inc.,* 130 F.3d 1381, 1385 (10th Cir. 1997); *Tal v. Hogan,* 453 F.3d 1244, 1264-5, n.24 (10th Cir. 2006). Those documents were attached because OCPD procedure, not the Chief of Police, requires an investigation into a citizen's complaint. Notably, even if a "full" investigation was not accomplished in response to Plaintiff's complaint, a violation of police policy does not establish a constitutional violation. *Romero v. Board of County Comm'rs,* 60 F.3d 702, 705 (10th Cir. 1995). Plaintiff also claims that no discovery has been conducted even though there was a Municipal Court trial regarding the criminal charges arising from this incident where the Defendant officers (except Chief Citty) testified. In any event, to the extent Plaintiff is requesting that the Motion to Dismiss be converted to a Motion for Summary Judgment, he has failed to comply with Federal Rule of Civil Procedure 56(d) which requires a nonmoving party asserting that it lacks the factual information necessary to respond to a Motion for Summary Judgment to submit an affidavit or declaration.

For the reasons stated herein and in Defendant Citty's Amended Motion to Dismiss and Brief in Support, Defendant Citty respectfully requests that this Court dismiss him from this action in that it fails to state a claim against him.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

/s/ Richard C. Smith
Richard C. Smith, OBA #8397
Jennifer M. Warren, OBA #30284
Assistant Municipal Counselors
200 N. Walker, 4th floor
Oklahoma City, OK 73102
(405) 297-2451 Fax: (405) 297-3851
Rick.Smith@okc.gov
Jennifer.Warren@okc.gov
Attorneys for Defendant Citty

## CERTIFICATE OF SERVICE

This is to certify that on the 4th day of December, 2013, a true and correct copy of the above and foregoing instrument was electronically transmitted to the Clerk of the Court using the ECF System for filing and a a Notice of Electronic Filing was sent to the following ECF registrant: Nathan H. Harper, info@nathanharper.com, Attorney for Plaintiff; and Susan Ann Knight, susanannknight@gmail.com, Attorney for Defendants Vetter, Sorrels, Mock and McClain.

/s/ Richard C. Smith
Assistant Municipal Counselor

Y:\Martin v. City of OKC, et al, CIV-13-1064-C  RCS-JMW\Motion to Dismiss Citty\Reply to MTD.docx